UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | NO: 1:14-CR-2053-RMP |
|---|---|
| Plaintiff, | ORDER DENYING 28 U.S.C. § 2255 MOTION TO VACATE SENTENCE |
| v. | |
| MICHAEL GARY SCHADEMAN, | |
| Defendant. | |

BEFORE THE COURT is Defendant's 28 U.S.C. § 2255 Motion to Vacate Sentence and for Resentencing, ECF No. 74. The Court has reviewed the motion, the response memorandum, ECF No. 80, the reply memorandum, ECF No. 81, has heard argument from counsel, and is fully informed.

## BACKGROUND

On July 15, 2014, Defendant was charged with Felon in Possession of Firearms and Ammunition, in violation of 18 U.S.C. § 922(g)(1). ECF No. 1. Defendant pleaded guilty on November 17, 2014. ECF Nos. 52. 53, and 54. In the plea agreement, "the United States and the Defendant agree[d] to recommend that

ORDER DENYING 28 U.S.C. § 2255 MOTION TO VACATE SENTENCE ~ 1

the Court impose a sentence [of] 84 months imprisonment." ECF No. 53 at 2. Further, Defendant agreed to waive "his right to appeal his conviction and the sentence imposed by the Court, provided that the Court imposes a sentence in accordance with this agreement." *Id.* at 7. Defendant also

> expressly waive[d] his right to file any post-conviction motion under 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence.

*Id.*

In preparation for sentencing, the United States Probation Office compiled a Presentence Investigation Report. ECF No. 59. The Probation Officer concluded that Defendant's Base Offense Level was 24, based on the application of U.S.S.G. § 2K2.1(a)(2). *Id.* at 7. The Probation Officer found that Defendant triggered a heightened Base Offense Level because Defendant previously had been convicted of "two felony convictions for crimes of violence." *Id.* Defendant had prior convictions for intimidating a witness and for residential burglary. *Id.* After a four-level enhancement for possessing ten firearms, a two-level enhancement for at least one of the firearms being stolen, and a three-level downward adjustment for acceptance of responsibility, the Probation Officer recommended that the court find Defendant's Total Offense Level to be 26. *Id.* at 7–8.

Defendant was sentenced on February 20, 2015. ECF No. 64. The Court accepted the Probation Officer's calculation of Defendant's Base Offense Level

ORDER DENYING 28 U.S.C. § 2255 MOTION TO VACATE SENTENCE ~ 2

which, coupled with Defendant's criminal history category of VI, resulted in a Sentencing Guideline imprisonment of 120 months, the statutory maximum. ECF No. 66 at 1. The Court sentenced Defendant to an 84-month term of incarceration. ECF No. 65 at 2.

On June 26, 2015, the Supreme Court decided *Johnson v. United States*, __U.S.__, 135 S. Ct. 2551 (2015). In *Johnson*, the Court held that the residual clause of the Armed Career Criminal Act (ACCA) was unconstitutionally vague in violation of the Due Process Clause. *Id.* at 2557.

On June 24, 2016, Defendant filed a 28 U.S.C. § 2255 Motion to Vacate Sentence and for Resentencing. ECF No. 74. Defendant argues that *Johnson*, in holding the ACCA residual clause to be unconstitutional, also invalidated the similar residual clause contained in U.S.S.G. § 4B1.2(a)(2). *Id.* at 5. Consequently, Defendant contends that he was improperly sentenced based on an invalid prior crime of violence and with an incorrect Base Offense Level. *Id.* at 1. The Court heard oral argument on Defendant's motion on July 25, 2016. ECF No. 88.

**ISSUE**

Defendant argues that *Johnson*, in holding that the residual clause of the ACCA was an unconstitutionally vague violation of the Due Process Clause, necessarily invalidated the identical residual clause in U.S.S.G. § 4B1.2(a)(2), resulting in Defendant's having been unconstitutionally and improperly sentenced

ORDER DENYING 28 U.S.C. § 2255 MOTION TO VACATE SENTENCE ~ 3

on the basis of having prior convictions for "crimes of violence." *See generally* ECF No. 74. Defendant requests resentencing under a correct Guideline range. *Id.* at 19.

## DISCUSSION

### I.    28 U.S.C. § 2255

28 U.S.C. § 2255(a) states that

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). The claimed error of law must be "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974) (quoting *Hill v. United States*, 368 U.S. 424, 429 (1962)).

### II.    Collateral Review Waiver

The Government moves to enforce the collateral review waiver contained in Defendant's plea agreement. ECF No. 80 at 18–19. The Government contends that "Defendant's current motion, which does not raise ineffective assistance, is beyond the scope of review reserved by the plea agreement." *Id.* at 19.

"A waiver of appellate rights is enforceable if (1) the language of the waiver encompasses [the defendant's] right to appeal on the grounds raised, and (2) the

ORDER DENYING 28 U.S.C. § 2255 MOTION TO VACATE SENTENCE ~ 4

waiver is knowingly and voluntarily made." *United States v. Medina-Carrasco*, 815 F.3d 457, 461 (9th Cir. 2015) (internal citation omitted). "To discern whether a waiver is knowing and voluntary, we must ask 'what the defendant reasonably understood to be the terms of the agreement when he pleaded guilty.'" *Id.* (quoting *United States v. De la Fuente*, 8 F.3d 1333, 1337 (9th Cir. 1993)).

> In the plea agreement, Defendant expressly waive[d] his right to file any post-conviction motion under 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence.

ECF No. 53 at 7.

However, "[a]n appellate waiver will not apply if 1) a defendant's guilty plea failed to comport with Fed. R. Crim. P. 11 . . . or 4) the sentence violates the law." *United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007). "A sentence is illegal if it exceeds the permissible statutory penalty for the crime or violates the Constitution." *Id.* Defendant's *Johnson* claim has a constitutional basis, namely that the residual clause under U.S.S.G. § 4B1.2(a)(2) is an unconstitutionally vague violation of the Due Process Clause. *See* ECF No. 74 at 5. As such, the Court finds that Defendant's *Johnson* claim is not barred by the collateral review waiver because Defendant argues that his sentence violates the law.

/ / /

/ / /

ORDER DENYING 28 U.S.C. § 2255 MOTION TO VACATE SENTENCE ~ 5

### III. *Johnson v. United States*

Defendant argues that he is currently serving a sentence in violation of due process following *Johnson v. United States*. ECF No. 74 at 13. The Government contends that (1) Defendant's motion is not properly based on *Johnson* as the Court did not find Defendant's prior convictions to be "crimes of violence" under the residual clause; (2) any new rule following *Johnson* is a non-retroactive procedural rule; and (3) Defendant's 11(c)(1)(C) plea agreement precludes Defendant's request. *See* ECF No. 80.

**A. Legal Basis for Defendant's Motion**

The Government argues that "the residual clause was never employed in determining that his two priors amounted to crimes of violence [and] . . . [r]ather, in each case, the crime was determined to be a crime of violence pursuant to the modified categorical approach." ECF No. 80 at 6.

*1. Witness Intimidation*

The Probation Officer discussed Defendant's 2007 conviction for witness intimidation in the Presentence Investigation Report. ECF No. 59 at 7. The Probation Officer noted that the Washington State witness intimidation statute, RCW 9A.72.110(1)(c), "is a divisible statute based on the definition of threat outlined at RCW 9A.72.110(3)(a). *Id.* The Probation Officer concluded that "the defendant was convicted under a definition of threat which includes threatened use

of force against the person of another." *Id.* At sentencing, the Court adopted the presentence investigation report without change. ECF No. 66 at 1.

As the Probation Officer analyzed Defendant's witness intimidation conviction under the "physical force" clause in U.S.S.G. § 4B1.2(a)(1) and the Court adopted the Presentence Investigation Report, the Court concludes that Defendant's witness intimidation conviction was determined to be a "crime of violence" under the "physical force" clause, as opposed to the residual clause. Consequently, Defendant is not entitled to relief under *Johnson* concerning the witness intimidation conviction as the residual clause was not utilized.

The Court notes that this scenario differs from circumstances where it is unknown or unclear which provision was used to determine that a defendant's conviction was a "crime of violence." Unlike in that situation, the Court, through adopting the Probation Officer's recommendation, affirmatively used the "physical force" clause. Accordingly, Defendant cannot seek relief based on the witness intimidation conviction as *Johnson* did not affect that conviction's status as a "crime of violence" under U.S.S.G. § 4B1.2(a)(1).

### 2. Residential Burglary

The Government argues that "this Court found that residential burglary was a crime of violence, pursuant to the modified categorical approach." ECF No. 80 at 9. As such, the Government contends that "*Johnson* has no impact on this Court's earlier decision." *Id.*

ORDER DENYING 28 U.S.C. § 2255 MOTION TO VACATE SENTENCE ~ 7

At sentencing, the Court found that Defendant's residential burglary conviction qualifies "under a modified categorical approach." ECF No. 76 at 6. The Court determined that "the plea to the prior conviction was specifically a plea to a burglary of dwelling of a named individual, so establishing it kind of point blank as a residential type of burglary." *Id.* Accordingly, the Court found that Defendant's residential burglary conviction was a "crime of violence" under the enumerated burglary clause as opposed to the residual clause. Defendant's arguments that this determination was contrary to law are not properly submitted through a § 2255 motion based on *Johnson*. Defendant cannot seek relief based on the residential burglary conviction through the holding of *Johnson* because *Johnson* did not affect that conviction's status as a "crime of violence" under U.S.S.G. § 4B1.2(a).

### 3. *Conclusion*

As the Court found neither Defendant's witness intimidation nor residential burglary conviction to be a qualifying "crime of violence" under the residual clause, Defendant cannot seek relief pursuant to *Johnson*. *Johnson* only altered the analysis concerning the residual clause: as Defendant's sentence was not impacted or calculated under the residual clause, the Court denies Defendant's motion for relief.

/ / /

/ / /

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that Defendant's 28 U.S.C. § 2255 Motion to Vacate Sentence and for Resentencing, **ECF No. 74**, is **DENIED**.

The District Court Clerk is directed to file this Order and provide copies to counsel, the U.S. Probation Office, and the U.S. Marshals Service.

**DATED** this 27th day of July, 2016.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge