PROB 12C
(6/16)

Report Date: January 12, 2024

## United States District Court

#### for the

#### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 16, 2024

SEAN F. McAVOY, CLERK

### Petition for Warrant or Summons for Offender Under Supervision

| | |
|---|---|
| Name of Offender: Michael Gary Schademan | Case Number: 0980 1:14CR02053-SAB-1 |
| Address of Offender: ▮▮▮▮▮▮▮▮▮, Zillah, Washington 98953 | |

Name of Sentencing Judicial Officer: The Honorable Stanley A. Bastian, Chief U.S. District Judge

Date of Original Sentence: February 20, 2015

| | | |
|---|---|---|
| Original Offense: | Felon in Possession of Firearms and Ammunition, 18 U.S.C. §§ 922(g)(1) and 924(a)(2) | |
| Original Sentence: | Prison - 84 months<br>TSR - 36 months | Type of Supervision: Supervised Release |
| Revocation Sentence:<br>(July 19, 2023) | Prison - Time Served<br>(28 days)<br>TSR - 35 months | |
| Revocation Sentence:<br>(September 6, 2023) | Prison - Time Served<br>(38 days)<br>TSR - 27 months | |
| Asst. U.S. Attorney: | Christopher John Bridger | Date Supervision Commenced: September 6, 2023 |
| Defense Attorney: | Juliana M Van Wingerden | Date Supervision Expires: December 5, 2025 |

### PETITIONING THE COURT

To issue a warrant.

The probation officer believes that the offender has violated the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Mandatory Condition #1**: The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.<br><br>**Supporting Evidence**: Mr. Schademan is considered to be in violation of his supervised release conditions by being criminally cited for second degree trespass and third degree theft by the Yakima County Sheriff's Office (YSO), on January 11, 2024.<br><br>Per YSO incident report number 24C00568, on January 11, 2024, at approximately 13:47 hours, deputy Wilkinson was dispatched to 1770 Blaine Road, in reference to suspicious circumstances. Dispatch advised the reporting party, JJ, called and stated he was out of town |

and on his property cameras, he saw an older blue truck pull into his driveway around 13:35 hours and a subject moved all of his exterior cameras to where cameras could not capture what was going on; he requested an area check.

Upon arrival at the listed address, the deputy noticed there was a wire laying on the ground that looked like it would typically be running between two poles to prevent cars from entering the driveway. He then noticed fresh tire tracks in the gravel leading up to the front of the residence. There were no obvious signs of forced entry on the residence. He then walked the perimeter of the residence and found no signs of forced entry to the residence. He noticed a middle window on the North side of the residence with a foot stool in front of it.

The deputy contacted JJ, who advised he is a truck driver and out of town until the next day. He said he had three Arlo cameras on the exterior of his residence and two in the interior. He said that the two interior cameras had not detected movement. He said that two of the exterior cameras were facing to the North where the vehicle had pulled in and one was facing East on his porch. The deputy then sent JJ an Axon Citizen link where he was able to upload his video footage of the suspect. JJ advised he wanted to pursue criminal charges against the subject and asked the deputy to put the wire at the end of his driveway back up to deter additional incidents. JJ advised that the three missing Arlo cameras were worth approximately $300 each.

Upon reviewing the footage that was uploaded by JJ, the deputy observed the suspect vehicle was a boxy styled Ford pickup truck that appeared to be from the 1980's, with a large lift and large tires. The truck had a silver toolbox in the bed of the truck. The truck's primary color appeared to be blue, and it did not have a front license plate attached. It had several of the small orange lights on the top front of the cab, above the front windshield.

Camera footage captured male suspect who got out of the truck wearing red shoes, grey sweat pants, a grey sweatshirt with the word "Champion" on it and a star; some other words that the deputy was unable to make out were also on the sweatshirt. The suspect appeared to be a 30 to 40-year-old, white male wearing a wedding band that appeared to be black and grey. He was also wearing a dark colored hat with the letters "PNW" on it. He made his way to the porch on the East side of the residence and removed one of the Arlo cameras, pointing it at his face without realizing that it was continuously recording. Then, while holding the camera that was still recording, the male walked around the North side of the residence and hugged up against the wall, as if he knew there were cameras on that side of the residence as well. He then peered into the North facing window for several seconds trying to see what was inside, all the while facing the still running Arlo camera at his face. He then reached up and retrieved the next Arlo camera. He then made his way to the third Arlo camera and removed it. The first camera was still recording at this point and was still in the suspect's hands. The suspect then walked back to his truck and placed the cameras in his truck bed. The video then ends.

The deputy e-mailed a photograph of the suspect truck and the suspect's face to various agencies throughout the county asking for assistance in identifying the suspect. He then received a text message from JJ advising that his neighbor believes the suspect is Michael Schademan. Within minutes of receiving that text message, the deputy received an email from Yakima police officer Schademan stating, "This is Officer Schademan with the Yakima

Prob12C
**Re: Schademan, Michael Gary**
**January 12, 2024**
**Page 3**

Police Department. The male in the photograph looks to be my half-brother that I have no contact with. His name is Michael Schademan DOB 02-23/1988. Let me know if you have anymore questions and stay safe." Minutes later, the deputy received a phone call from detective Hunt stating the suspect in the e-mail the deputy had sent was Michael Schademan.

The deputy reviewed Michael Schademan's booking photographs and had probable cause for third degree theft and second degree criminal trespass. It was apparent by Mr. Schademan's actions on camera that he knowingly entered/remained unlawfully upon the premises of another.

The deputy then detailed Mr. Schademan's listed address, 15941 Yakima Valley Highway, where he was greeted by an unknown male and Mr. Schademan's sister, Dalcie. Dalcie handed the deputy her phone and said Mr. Schademan was on the phone. The deputy introduced himself to Mr. Schademan and he immediately said he knew why the deputy was there and that he had done it. Mr. Schademan said he thought that it was an abandoned house and that is why he was there. The deputy asked why he took the cameras then and he said that he thought that they were fake. Mr. Schademan later mentioned he knew those cameras were expensive and decided to return them. The deputy advised him he would still be forwarding charges and that he would have to explain his story in court.

The deputy then detailed the primary address and verified that all three cameras were back at the listed address. The deputy contacted deputy prosecutor assistant (DPA) Troy Clements, and advised him of the situation. The DPA said he was familiar with Mr. Schademan and his extensive criminal history. He agreed that there was probable cause for third degree theft and second degree criminal trespass.

2      **Special Condition #18**: You must undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order of the court. You must contribute to the cost of treatment according to your ability to pay. You must allow full reciprocal disclosure between the supervising officer and treatment provider.

**Supporting Evidence**: Mr. Schademan is considered to be in violation of his supervised supervision conditions by not participating and complying with his substance abuse treatment program at Merit Resource Services (Merit) since on or about January 11, 2024.

On January 11, 2024, this officer spoke with Mr. Schademan's counselor at Merit, and the counselor stated that Mr. Schademan was out of compliance due to missing treatment groups and consuming methamphetamine. The counselor stated that Mr. Schademan will no longer be allowed to continue with his current treatment program and Mr. Schademan will have to contact his counselor to determine if he is amenable to treatment at this time.

3      **Special Condition #19**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

Prob12C
**Re: Schademan, Michael Gary**
**January 12, 2024**
**Page 4**

**Supporting Evidence**: Mr. Schademan is considered to be in violation of his supervised supervision conditions by consuming a controlled substance, methamphetamine, on or about December 29, 2023.

On January 3, 2024, Mr. Schademan contacted this officer via telephone call, in which he reported that his color was called for random urinalysis (UA) testing at Merit. Mr. Schademan asked if he needed to report to Merit for UA testing or if he could report to the probation office. Mr. Schademan was directed to report to Merit for UA testing. Our conversation ended.

Moments later, Mr. Schademan contacted this officer via telephone call and stated he wanted to be honest about his struggles. Mr. Schademan stated he consumed methamphetamine 5 days prior, as he was having a difficult time during the holidays. Mr. Schademan was directed to report to Merit for UA testing.

On this date, Mr. Schademan reported to Merit and submitted to UA testing. Instant test results were presumptive positive for methamphetamine. The specimen was sent to Alere Toxicology Services (Alere) for laboratory confirmation testing.

On January 10, 2024, the results were received from Alere confirming Mr. Schademan's UA specimen provided was positive for methamphetamine.

**Special Condition #19**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: Mr. Schademan is considered to be in violation of his supervised supervision conditions by using a product and or device to defeat or falsify a UA test at Merit on January 11, 2024.

On January 11, 2024, this officer received a call from a Merit UA technician. He stated that Mr. Schademan reported to Merit to submit to his color line UA. The technician stated that during the collection of the urine specimen, he suspected Mr. Schademan was using a device to defeat the UA test as Mr. Schademan was making furtive movements, to include not standing up straight, leaning forward at his waist and attempting to block the view of the technician to observe the urine collection. After the collection of the urine specimen, the technician asked Mr. Schademan to roll up his sleeves. The technician stated that he observed a bag filled with urine taped to Mr. Schademan's armpit with a tube leading down his shirt sleeve. The technician stated that Mr. Schademan admitted to attempting to defeat the UA test. The technician stated that Mr. Schademan asked him to not report his use of a device, and when the technician told him he would be reporting the use of the device, Mr. Schademan became very upset at him and left the facility.

The U.S. Probation Office respectfully recommends the Court issue a warrant requiring the defendant to appear to answer to the allegations contained in this petition.

Prob12C
Re: Schademan, Michael Gary
January 12, 2024
Page 5

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:  January 12, 2024

s/Arturo Santana

Arturo Santana
U.S. Probation Officer

---

THE COURT ORDERS

[ ] No Action
[X] The Issuance of a Warrant
[ ] The Issuance of a Summons
[ ] Other

*Stanley A. Bastian*

Signature of Judicial Officer

1/16/2024

Date